IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSAL SECURE REGISTRY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 17-585 (JFB) (SRF) |
| ) | |
| APPLE INC., VISA INC. and ) | |
| VISA U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**NOTICE OF SUBSEQUENT AUTHORITY (D.I. 53)**

Plaintiff Universal Secure Registry LLC ("USR") writes to respond to the Notice of Subsequent Authority (D.I. 53) filed by Defendants Apple, Inc., Visa, Inc., and Visa U.S.A., Inc. (collectively, Defendants), citing *3G Licensing S.A., Koninklijke KPN N.V. v. Blackberry Ltd.*, No. 17-82-LPS-CJB (D. Del. Mar. 22, 2018).

Defendants' reliance on *3G Licensing* is misplaced. The claims found unpatentable in *3G Licensing* recited only a few "generic functions" that broadly claimed a result without including the steps explaining "how the desired result is achieved." *Id*. at 3, 12, 14. In sharp contrast, the claims at issue in the asserted patents—in addition to passing both steps of the *Alice* inquiry on other grounds—recite inventive limitations, ordered combinations of steps, provide specific details on how to implement those steps, and otherwise claim more than Defendants' purported abstract idea. Unlike the claims in *3G Licensing*, where the inventive concepts appeared only in the specification and not the claims, the asserted claims here recite the inventive concepts in detail. Indeed, Defendants have not identified any improvements they allege are discussed in the specification yet not captured by the claims.

In *3G Licensing* the Court also cited to the recent controlling opinion from the Federal Circuit in *Finjan, Inc. v Blue Coat Systems, Inc.*, 879 F.3d 1299, 1303–07 (Fed. Cir. 2018) (Ex. A). In *Finjan*, the Federal Circuit held that claims directed to systems and methods for providing computer security were patent-eligible subject matter under 35 U.S.C. § 101. *Id.* at 1305–06 ("Here, the claims recite more than a mere result. Instead, they recite specific steps—generating a security profile that identifies suspicious code and linking it to a downloadable—that accomplish the desired result. Moreover, there is no contention that the only thing disclosed is the result and not an inventive arrangement for accomplishing the result. There is no need to set forth a further inventive concept for implementing the invention. The idea is non-abstract and there is no need to proceed to step two of *Alice*."). The claims at issue in the instant case provide even more concrete and detailed steps than the claims found patentable in *Finjan*. Moreover, just as in *Finjan*, the claims set forth inventive improvements for increasing security (*e.g.*, inventive arrangements for electronic payment systems using a new variable token that lets these systems do things they could not do before). *See id.* at 1305 (finding claim directed to "a non-abstract improvement in computer functionality" where claim "enables a computer security system to do things it could not do before"). Accordingly, the claims at issue here are even more concrete and non-abstract than those analyzed in *Finjan* and should be found patent-eligible.

                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                          */s/ Jeremy A. Tigan*

                          Jack B. Blumenfeld (#1014)
                          Jeremy A. Tigan (#5239)
                          1201 North Market Street
                          P.O. Box 1347
                          Wilmington, DE 19899-1347
                          (302) 658-9200
                          jblumenfeld@mnat.com
                          jtigan@mnat.com

                          *Attorneys for Universal Secure Registry LLC*

OF COUNSEL:

Harold Barza
Tigran Guledjian
Valerie Roddy
Jordan Kaericher
Nima Hefazi
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Sean Pak
Brian E. Mack
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

April 6, 2018
11801277