IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSAL SECURE REGISTRY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLE INC., VISA INC., and VISA ) <br> U.S.A., INC., ) <br> ) <br> Defendants. ) | Civil Action No. 17-585-CFC-SRF |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Presently before the court in this patent infringement action is Defendant Apple Inc.'s ("Apple") motion to stay this litigation pending the resolution of its petitions for *inter partes* review ("IPR") and covered business method review ("CBM"). (D.I. 90) For the following reasons, Apple's motion to stay is denied without prejudice.[1]

## II. BACKGROUND

On May 21, 2017, Plaintiff Universal Secure Registry, LLC ("USR") filed a complaint against Visa Inc., Visa U.S.A., Inc. (together, "Visa"), and Apple (together with Visa, "Defendants") asserting infringement of United States Patent Nos. 8,577,813 ("the '813 patent"), 8,856,539 ("the '539 patent"), 9,100,826 ("the '826 patent"), and 9,530,137 ("the '137 patent") (collectively, the "patents-in-suit"). (D.I. 1) USR is the owner by assignment of the patents-in-suit. The patents-in-suit relate to systems, methods, and apparatus "for authenticating . . . the identity of individuals . . . seeking access to certain privileges . . . and for selectively granting

---

[1] Defendants Visa Inc. and Visa U.S.A., Inc. (together, "Visa") did not file a formal joinder to Apple's motion to stay. USR did not object to Visa's oral application for leave to provide argument in support of Apple's motion to stay, at the hearing on September 17, 2018.

privileges . . . in response to such identifications." ('813 patent, col. 1:37-42; '539 patent, col. 1:16-19; '826 patent, col. 1:36-42; '137 patent, col. 1:45-50)

On August 25, 2017, Defendants filed a motion to dismiss USR's complaint asserting that USR failed to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). (D.I. 16) On September 19, 2017, Defendants filed a motion to transfer the case arguing that USR's allegations do not have a "material connection to the District of Delaware." (D.I. 21; D.I. 22) The court denied both motions on September 19, 2018.

On April 10, 2018, the court issued a scheduling order requiring that all discovery be completed on or before July 2, 2019. (D.I. 57 at 1) The Joint Claim Construction Chart is due on December 14, 2018, and the claim construction hearing is set for March 6, 2019. (*Id.* at 9) A jury trial is scheduled to begin on July 20, 2020. (*Id.* at 12)

Apple filed eleven IPR and CBM petitions with the Patent Trial and Appeal Board ("PTAB") regarding the patents-in-suit in April and May of 2018. (D.I. 92, Exs. B-K; D.I. 93, Ex. L) Apple's IPR and CBM petitions challenge all of the independent claims of the patents-in-suit, every claim of the '137, '539, and '813 patents, and all of the pertinent claims of the '826 patent. (D.I. 92, Ex. A) The PTAB will determine whether to institute proceedings regarding Apple's IPR and CBM petitions[2] in October and November of 2018. 77 Fed. Reg. 48,756, 48,757 (Aug. 14, 2012). If the PTAB institutes proceedings on Apple's petitions, final decisions on the merits of the petitions would issue by November of 2019. 35 U.S.C. §§ 316(a)(11), 326(a)(11). Visa filed its own IPR petitions against the '539 patent on July 3, 2018. (D.I. 106 at 1 n.1)

---

[2] On September 12 and 13, respectively, the PTAB denied institution of Apple's CBM petitions relating to the '137 and '539 patents. (D.I. 134, Exs. A-B)

2

On May 2, 2018, the PTAB instituted an IPR proceeding on claim 1 of the '813 patent based on a petition filed on October 16, 2017 by Unified Patents, Inc., a nonparty to this suit. (D.I. 77, Ex. A) On August 24, 2018, USR filed a contingent motion to amend all challenged claims of the '813 patent pursuant to 37 C.F.R. § 41.121 in the IPR proceeding instituted on May 2, 2018. (9/17/18 Apple Presentation, Slides 3, 12-13) The PTAB is expected to deliver a decision on the merits of the IPR proceeding regarding the '813 patent in May of 2019.

On August 10, 2018, USR served its initial infringement contentions against Defendants, asserting infringement of sixty-two claims across the four patents-in-suit. (D.I. 122) In USR's preliminary response to Apple's CBM petition regarding the '539 patent, USR indicated that it had filed statutory disclaimers with respect to sixteen claims, thirteen of which were asserted in the present litigation. (D.I. 129, Ex. B at 18) Of the forty-nine asserted claims remaining, the PTAB has instituted IPR proceedings on 19 claims of the '813 patent based on Unified Patents' petition. Apple's nine pending petitions cover forty-three asserted claims, and Visa's pending petitions cover an additional three asserted claims. Consequently, forty-six of the forty-nine remaining asserted claims are covered by pending IPR and CBM petitions.

In June 2018, USR indicated its intention to amend the complaint to add two new patents and one pending patent application from the same patent family to the instant litigation. (D.I. 119, Ex. G) United States Patent Application No. 14/814,740 is not expected to issue until mid-November 2018. The operative scheduling order in the present case sets a deadline of November 30, 2018 for amendment of pleadings. (D.I. 57 at ¶ 1) The parties are to exchange a list of disputed claim terms on November 9, 2018, and a *Markman* hearing is scheduled for March 6, 2019. (*Id.* at ¶ 9)

## III. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). Courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *Id.* (citing *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016)). The court considers an additional factor, "whether a stay . . . will reduce the burden of litigation on the parties and on the court," when considering a motion to stay pending a CBM review. *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs., Inc.*, 767 F.3d 1383, 1384 (Fed. Cir. 2014) (quoting America Invents Act, Pub. L. No. 112–29, § 18(b)(1)(D), 125 Stat. 284, 32–31 (2011) ("AIA")).

## IV. DISCUSSION

After considering the four stay-related factors, the court denies Apple's motion to stay without prejudice to renew the motion following the PTAB's determination regarding whether to institute IPR and CBM proceedings in response to Apple's petitions.

### A. Simplification of Issues for Trial

The first factor regarding the simplification of issues for trial weighs against a stay in this litigation. Unless and until the PTAB institutes IPR and CBM proceedings based on the petitions, any expected simplification rests on speculation that such institution will occur. *See Advanced Microscopy Inc.*, 2016 WL 558615, at *1 ("If no review is instituted, the asserted basis

4

for a stay will fall away."). Before the PTAB decides whether to institute Apple's petitions, this factor does not favor granting a stay. *Copy Prot. LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (quoting *Freeny v. Apple Inc.*, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014)). "[T]he ideal time" to file a motion to stay is "shortly after the PTAB issue[s] its decision to proceed with a validity trial on all of the Asserted Claims." *454 Life Scis. Corp.*, 2016 WL 6594083, at *4. If the PTAB institutes Apple's petitions, Apple "may renew its [m]otion . . . and the simplification factor may be evaluated differently at that time."[3] *Copy Prot.*, 2015 WL 3799363, at *1.

The Supreme Court's recent decision in *SAS Institute, Inc. v. Iancu* supports the court's conclusion on this factor because it guarantees that the PTAB's decision to institute Apple's petitions will be a "binary choice." 138 S. Ct. 1348, 1355 (2018). The PTAB, in deciding whether to institute an IPR, "cannot curate the claims at issue but must decide them all." *Id.* at 1353. With respect to each of Apple's petitions, the PTAB will either issue a written decision addressing every challenged patent claim, or it will deny the petition. *Id.* at 1354 (quoting 35 U.S.C. § 318(a) ("If an inter partes review is instituted and not dismissed" the PTAB "shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner.") (internal quotations and alterations omitted)). Therefore, issue simplification depends on whether the PTAB institutes or dismisses Apple's petitions, which will occur by November of 2018.

---

[3] On August 30, 2018, Apple submitted a notice of subsequent authority, citing the Southern District of California's decision in *Qualcomm Inc. v. Apple Inc.* in support of the proposition that the entry of a stay prior to the PTAB's determination on whether to institute proceedings is warranted to simplify the issues for trial. (D.I. 129, Ex. 1) This unpublished decision is not binding on this court, and is inconsistent with the weight of authority in this district.

5

Without any certainty as to whether the PTAB will institute review, the extent to which the issues before the court might be simplified remains unknown. As a practical matter, putting the case on hold until the decision to institute is made is likely less efficient than continuing on track through discovery. Delay is not favored in litigation. There is nothing in this record to suggest that engaging in fact discovery and preparation for claim construction for an additional few months pending action by the PTAB, will unusually tax or waste the resources of the parties.

In its August 30, 2018 notice of subsequent authority, Apple directs the court to USR's preliminary response to Apple's CBM petition regarding the '539 patent in support of its contention that the PTAB proceedings will simplify the issues for trial.[4] (D.I. 129, Ex. 2) Specifically, USR filed a statutory disclaimer in accordance with 35 U.S.C. § 253, thereby disclaiming asserted claims, *i.e.*, dependent claims 5-8, 17-20, and 26-30 of the '539 patent. (*Id.* at 18-19) According to Apple, the statutory disclaimer supports its position that the PTAB proceedings simplify the issues for trial. (D.I. 129 at 1)

Following the filing of a statutory disclaimer, the patent owner records a notice of disclaimer with the U.S. Patent and Trademark Office ("USPTO"). 35 U.S.C. § 253(a). In this regard, the filing of a statutory disclaimer, and the resultant narrowing of the case, occur outside the scope of proceedings before the PTAB. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, D.I. 388 at ¶ 6 (D. Del. Aug. 30, 2018). Federal Circuit precedent dictates that the PTAB must treat statutorily disclaimed claims as though they never existed. *In re Yamazaki*, 702 F.3d 1327, 1332 (Fed. Cir. 2012). Consequently, the filing of a statutory disclaimer does not substantively affect the PTAB's institution analysis with respect to the remaining claims of the

---

[4] As a procedural matter, the court notes that a responsive brief filed by a patent owner in a PTAB proceeding does not constitute "subsequent authority."

challenged patent. Under these circumstances, the court is not persuaded that the recordation of a statutory disclaimer with the USPTO supports a stay of litigation pending resolution of proceedings before the PTAB.

## B. Stage of Proceedings

The second factor regarding the status of the case also weighs against a stay at this time because the PTAB's institution decisions, expected by November 2018, will likely precede intensive claim construction activity set to begin a month later. (D.I. 57 at 1, 9, 12; D.I. 91 at 4) Although the parties have engaged in some preliminary discovery, the docket does not show that a significant amount of discovery has been conducted. *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016) (denying motion to stay prior to PTAB's decision whether to institute proceedings); *see also Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, C.A. No. 15-691-LPS-CJB, 2015 WL 7824098, at *1 (D. Del. Dec. 3, 2015); *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, C.A. No. 15-286-LPS-CJB, 2015 WL 3918866, at *2 (D. Del. June 23, 2015). It remains likely that the PTAB's institution decisions will precede large-scale and expensive discovery efforts related to document production or claim construction. *Id.* Therefore, it is more practical to allow preliminary claim construction activity to proceed while awaiting the PTAB's decision on whether to institute proceedings on Apple's petitions.[5]

## C. Undue Prejudice or Tactical Advantage

The third factor also supports the court's denial of Apple's motion because a stay in the instant litigation would prejudice USR. Specifically, Dr. Kenneth Weiss ("Dr. Weiss"), the sole

---

[5] The parties are not without recourse to seek extension of the claim construction deadlines in the scheduling order, should it become necessary based upon the actions taken in the parallel proceedings before the PTAB.

7

inventor of the patents-in-suit and an important trial witness, is in poor health at age 76. (D.I. 106 at 18) Apple cites case authorities outside of this district in support of its contention that Dr. Weiss's heath concerns are not, without more, enough to reach a conclusion of undue prejudice to USR as a result of granting the stay. (D.I. 118 at 9)[6] However, USR argues that the age and poor health of a witness are relevant to a finding of prejudice.

In *VirtualAgility Inc. v. Salesforce.com, Inc.*, the Federal Circuit rejected the argument that undue prejudice existed because of the "risk of witness loss" where "potentially relevant" witnesses were over the ages of 60 and 70. 759 F.3d 1307, 1319 (Fed. Cir. 2014). The court specifically noted that there was "no evidence that any of these [witnesses were] in ill health." *Id.* Conversely, the facts presently before the court establish that Dr. Weiss suffers from congestive heart failure and atrial fibrillation. (D.I. 108 at ¶ 7) Dr. Weiss is the sole inventor of all of the patents-in-suit and is likely to be an important witness at trial. (D.I. 106 at 18) For these reasons, the health and age of Dr. Weiss weigh against a stay of the litigation at this stage of the proceedings.[7]

---

[6] *See, e.g., Nichia Corp. v. VIZIO, Inc.*, 2017 WL 3485767, at *7 (C.D. Cal. Feb. 2, 2017) (five month delay as a result of a stay was not enough to cause undue prejudice despite the lead inventor being "not in good health"); *Larson Archery Co. v. Mathews, Inc.*, 2013 WL 139472, at *2 (D. Utah 2013) (product innovator and CEO's "health, advanced age, and personal difficulties" did not amount to a finding of undue prejudice).

[7] In assessing undue prejudice to the non-movant, the court may also consider: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties. *454 Life Scis.*, 2016 WL 6594083, at *4 (citing *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013)). USR did not address these factors in its opposition to Apple's motion to stay. (D.I. 106 at 18-19) The court may revisit these factors if Apple chooses to renew its motion to stay following the issuance of the PTAB's institution decisions.

### D.     Burden of Litigation[8]

The final factor in the stay analysis, regarding the burden of litigation on the court and on the parties, also weighs against a stay. Apple argues that the stay would ease the burden on the court and the parties by preventing the potential need for dual claim construction proceedings in light of USR's plan to add three more patents to the case.[9] (D.I. 118 at 8) However, USR's deadline to respond to Apple's petitions passed on September 12, 2018, ahead of the joint claim construction chart due date of December 14, 2018. (D.I. 106 at 14; D.I. 57 at 8-10) In addition, motions to amend or supplement pleadings are due on or before November 30, 2018. (D.I. 57 at 1) Because any potential amended pleadings and filings in response to Apple's petitions made by USR will be on the record before claim construction, this factor weighs against granting a stay.

In *Benefit Funding Systems LLC v. Advance America Cash Advance Centers Inc.*, 767 F.3d 1383, 1384-85 (Fed. Cir. 2014), the district court originally denied a motion to stay after petitions were filed with the PTAB, but before institution decisions were made. Later, the PTAB

---

[8] The court considers an additional factor, the burden of litigation on the parties and on the court, when determining whether to grant a stay pending CBM review. *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013). Apple filed CBM petitions for three out of the four patents-in-suit: the '137 patent, the '539 patent, and the '813 patent. On September 12 and 13, respectively, the PTAB declined to institute proceedings on Apple's petitions regarding the '137 and '539 patents. The '826 patent is also excluded from this burden analysis because it is only subject to IPR petitions. However, Apple's CBM petition regarding the '813 patent remains pending.

[9] Apple contends that the issuance of United States Patent Application No. 14/814,740 has been delayed by USR's dilatory conduct. Specifically, Apple alleges that the USPTO mailed a notice of allowance regarding the application on April 5, 2018, but USR submitted an information disclosure statement ("IDS") on June 11, 2018 identifying Unified Patents' October 16, 2017 IPR petition to the PTAB. (9/17/18 Apple Presentation, Slides 17-18) On August 16, 2018, USR filed a request to withdraw the application from issuance, along with a request for continued examination with a corrected IDS. (*Id.*) USR submitted an additional IDS on August 28, 2018. (*Id.*)

9

instituted a CBM review based on subject matter eligibility challenges. *Id.* at 1384. The district court then granted a renewed motion to stay the litigation because "the burden on the court would be reduced due to the likely and substantial simplification resulting from the CBM review." *Id.* at 1385. The Federal Circuit affirmed the district court's grant of the motion to stay. *Id.* at 1384. Applying the procedures followed in *Benefit Funding* to the circumstances of the present case, the court concludes that a stay is not warranted at this stage. If the PTAB institutes Apple's CBM petitions and Defendants file a renewed motion to stay, the court will reevaluate the merits of the renewed motion in light of those circumstances.

## V. CONCLUSION

For the foregoing reasons, Apple's motion to stay proceedings is denied. (D.I. 90) This order is without prejudice to renew an application to stay the case if warranted by institution of any subsequent IPR or CBM proceeding. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 19, 2018

Sherry R. Fallon
United States Magistrate Judge